**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

DON KING PRODUCTIONS, INC.

    Plaintiff

    v.

EL MANGO, et. al.

    Defendants

**CIVIL NO. 04-2330 (HL)**

**REPORT AND RECOMMENDATION**

In the instant case, plaintiff claims that various defendants exhibited his copyrighted boxing matches without the proper authorizations in violation of 47 U.S.C. § 605(E)(3)(c)(i)(II), § 605(e)(3)(C)(ii)[1] and § 605(e)(3)(B)(iii). Default was entered against codefendants Café Tráfico, Carlos Arocho, and his conjugal partnership on February 15, 2005. Default was entered against Chino's Sport Bar, Christopher Soto, his conjugal partnership; Pedro's Comeback, Pedro Freytes and his conjugal partnership on February 14, 2005.

After default was entered, plaintiff moved for judgment by default. Subsequently, the Court referred the matter to this Magistrate-Judge. For each establishment and set of defendants related to said establishment, plaintiff filed an affidavit of an auditor who visited the place of business. The affidavits, *inter alia*, detail the number of patrons counted, the number of televisions and which part of the copyrighted transmission was being exhibited. Plaintiff also included a detailed declaration under penalty of perjury by his attorneys that attested to the need for service of summons, the expenses incurred and the time invested in each case. Finally, plaintiff included a detail of the cost of the summons for each defendant. After examining plaintiff's request for judgment by default, its accompanying documents and the complaint, the Court is ready to render its judgment.

Inasmuch as the aforementioned defendants are in default, this "... constitutes an admission of all facts well-pleaded in the complaint." *Metropolitan Life Ins. Co. v. Colón Rivera*, 204

---

[1] Plaintiff requested statutory damages in its complaint.

**CIVIL NO.  04-2330 (HL)**                    2

F.Supp.2d 273, 274-275 (D.P.R. 2002); *Banco Bilbao Vizcaya Argentiara v. Family Restaurants, Inc.*, 285 F.3d 111, 114 (1st Cir. 2002) and *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999). At that point, the only issue remaining for consideration is the amount of damages. Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 at 444 (1983) (citing *Thomson v. Wooster*, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885)); *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319 (7th Cir.1983) and *Quirindongo Pacheco v. Rolón Morales*, 953 F.2d 15, 16 (1st Cir.1992). Moreover, "once the entry of a default establishes the fact of damage, the trial judge ... has considerable latitude in determining the amount of damages." See, *Jones v.  Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir.1993) and *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1015-1016 (7th Cir.1991).

Pursuant to 47 U.S.C. § 605(E)(3)(c)(i)(II), the maximum amount for statutory damages is $10,000.   Plaintiff is also seeking reasonable attorneys' fees pursuant to  § 605(e)(3)(B)(iii).

Given the above, the following recommendations as to monetary judgments are made:

That codefendants Café Tráfico, Carlos Arocho, and his conjugal partnership be ordered to each pay plaintiff, as stated before, the amount of $1,500.00 for statutory damages, plus jointly and severally $500.00  in attorneys' fees, and $150 for costs.

That codefendants Chino's Sport Bar, Christopher Soto and his conjugal partnership each be ordered to pay plaintiff, as stated before, the amount of $1,500.00 for statutory damages, plus jointly and severally $500.00 in attorneys' fees, and $150 for costs.

That codefendants Pedro's Comeback, Pedro Freytes and his conjugal partnership, are each ordered to pay plaintiff, the amount of $10,000.00 for statutory damages, plus jointly and severally $500.00 in attorneys' fees, and $150 for costs.

Under the provisions of 28 U.S.C. § 636 and Local Rule 72(d), District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to

**CIVIL NO. 04-2330 (HL)**                                3

which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111(1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

**SO RECOMMENDED.**

In San Juan, Puerto Rico, this 13th day of January, 2006.


*S/ Gustavo A. Gelpi*

**GUSTAVO A. GELPI**
United States Magistrate-Judge